The Honorable Benjamin H. Settle

1

2

3

4

5

6

7

8

9       **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

10

11  THE GEO GROUP, INC.,                          NO.  3:21-cv-05313-BHS

12                          Plaintiff,             NOTICE OF RELATED CASE

13         v.

14  JAY INSLEE, in his official capacity as
the Governor of the State of Washington;
15  BOB FERGUSON, in his official
capacity as the Attorney General of the
16  State of Washington; and MARY
ROBNETT, in her official capacity as the
17  Prosecuting Attorney for Pierce County,
Washington,

18                          Defendants.

19                  **NOTICE OF RELATED CASE**

20         Pursuant to Local Civil Rule 3(g), Washington Governor Jay Inslee and Attorney

21  General Bob Ferguson hereby notify the Court that this action is related to *State of Washington*

22  *v. The GEO Group, Inc.*, Case No. 3:17-cv-5806-RJB, a case filed in 2017 and currently set

23  for trial on June 1, 2021, in the Western District of Washington. The two matters concern

24  substantially the same parties and the same general and transactional facts involving the

25  Northwest Ice Processing Center (NWIPC), a private immigration detention facility owned and

26  operated in Tacoma by The GEO Group, Inc. (GEO). Both cases also involve factual and legal

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1   claims by GEO that it may not constitutionally be subject to Washington State law due to its

2   status as a federal contractor. Due to the overlapping facts and legal arguments raised by GEO

3   in both cases, conducting these cases before different judges would result in inefficiency,

4   avoidable duplication of work and expense, and the potential for conflicting results.

5

6   **A.**     **Shared Parties, Property, and Transactional Facts Regarding GEO's Operation of the NWIPC**

7       Related actions "concern substantially the same parties, property, transaction, or

8   event." Local Civil Rule 3(g)(4)(A). Here, the parties in each case are substantially the same,

9   with Washington State or its elected officials on one side, and GEO on the other. *Compare*

10   Complaint, *Washington v. GEO Grp., Inc.*, No. 3:17-cv-5806-RJB (W.D. Wash. Oct. 9, 2017)

11   (2017 Complaint), ECF No. 1-1 at ¶¶ 3.1–3.11, *with* Complaint, *GEO Grp., Inc. v. Inslee*,

12   No. 3:21-cv-5313-BHS (W.D. Wash. Apr. 29, 2021) (2021 Complaint), ECF No. 1 ¶¶ 11–14.[1]

13   The property at the center of each dispute is also the same: the NWIPC, a 1,575-bed, civil

14   detention facility located at 1623 E. J Street in Tacoma, Washington. *Accord* 2017 Complaint

15   ¶¶ 3.8–3.9; 2021 Complaint ¶ 47.

16       Additionally, both the 2017 and 2021 actions involve the same facts regarding GEO's

17   contract with U.S. Immigration & Customs Enforcement to provide immigration detention

18   services at the NWIPC. Both matters will involve evidence of NWIPC's ownership, GEO's

19   relationship to the federal government, and the existence, terms, and duration of the contract.

20   *See* 2017 Complaint ¶¶ 3.10–4.9; 2021 Complaint ¶¶ 47–55. Establishment of facts regarding

21   the transaction between GEO and U.S. Immigration & Customs Enforcement involving the

22   NWIPC contract will therefore be necessary to the resolution of each matter.

23

24

25

26   [1] Pierce County Prosecuting Attorney Mary Robnett is also a named defendant in the 2021 case. 2021 Complaint ¶ 14.

NOTICE OF RELATED CASE --
NO. 3:21-CV-05313-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1    **B.      Burden, Duplication of Labor and Expense, and Potential for Conflicting Results**

2            For two actions to be related, it must also "appear[] likely that there will be an unduly

3    burdensome duplication of labor and expense or the potential for conflicting results if the cases

4    are conducted before different judges." Local Civil Rule 3(g)(4)(B). Those circumstances are

5    present here, given the overlap in facts and legal claims raised by GEO.

6            In the 2021 case, GEO alleges that the State of Washington may not constitutionally

7    phase out private detention as a lawful business activity in the state, at least not as applied to

8    GEO because of its status as a federal immigration contractor. 2021 Complaint ¶¶ 7, 69, 80.

9    Two of the three federal constitutional doctrines relied on by GEO for this position are

10   intergovernmental immunity and preemption. *Id.* ¶¶ 63–80 (Counts I and II).

11           Those same two constitutional doctrines—and their application to GEO's business

12   operations at the NWIPC—have also been part of the pending 2017 matter. Over the last four

13   years, the parties to that action have briefed the issues extensively, submitting thirty-eight

14   filings, totaling 740 pages, addressing intergovernmental immunity, preemption, or both. *See*

15   *Washington v. GEO Grp. Inc.*, No. 3:17-cv-5806-RJB, ECF Nos. 1, 10, 15, 17, 18, 23, 28, 149,

16   155, 160, 164, 215, 219, 225, 245, 251, 266, 270, 273, 275, 289, 290, 297, 298, 299, 308, 320,

17   324, 331, 337, 341, 344, 345, 357, 365, 377, 385, 386. Judge Bryan has issued ten rulings

18   analyzing these doctrines and their application to GEO and the NWIPC. *Id.*, ECF Nos. 29, 32,

19   162, 165, 243, 288, 322, 326, 353, 374, 388. The upcoming trial will involve evidence and

20   argument related to GEO's intergovernmental immunity defense. *See id.*, ECF Nos. 353, 374,

21   388.

22           The depth of the factual and legal development already undertaken in the 2017 case

23   presents a risk of inconsistent rulings if a different judge undertakes those same efforts in a

24   new matter. Starting over would also duplicate expense and labor for all parties and the Court,

25   given the work that already has been done to establish the facts regarding GEO's operation of

26   the NWIPC, and the legal implications of those facts under the Supremacy Clause.

1    DATED this 6th day of May 2021.

2

3                              Respectfully submitted,

4                              ROBERT W. FERGUSON
                               Attorney General of Washington
5

6                              s/ *Colleen M. Melody*
                               COLLEEN M. MELODY, WSBA No. 42275
7                              Civil Rights Division Chief
                               Office of the Attorney General
8                              800 Fifth Avenue, Suite 2000
                               Seattle, WA 98104
9                              (206) 464-7744
                               colleen.melody@atg.wa.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that the foregoing document was electronically filed with the United

3 States District Court using the CM/ECF system. I certify that all participants in the case are

4 registered CM/ECF users and that service will be accomplished by the CM/ECF system.

5

6     Dated this 6th day of May 2021.

7

8                                        CAITILIN HALL
9                                        Legal Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744